IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHERYL WOODS,<br><br>    Plaintiff,<br><br>v.<br><br>LEADING EDGE RECOVERY SOLUTIONS, LLC,<br><br>    Defendant. | No. 08 C 3615<br><br>Judge Der-Yeghiayan<br><br>Magistrate Judge Cox |

### ANSWER TO COMPLAINT

Defendant, Leading Edge Recovery Solutions, LLC ("Leading Edge"), by its attorney, for its Answer to Plaintiff's Complaint, states as follows:

### PRELIMINARY STATEMENT

**ALLEGATION NO. 1:**

This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. § 1692 et seq.

**ANSWER:**

Leading Edge admits that this is an action for actual and statutory damages for alleged violations of the FDCPA, but denies that it violated the FDCPA and that Plaintiff is entitled to any damages.

### JURISDICTION AND VENUE

**ALLEGATION NO. 2:**

Jurisdiction arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

**ANSWER:**

Leading Edge admits.

## PARTIES

**ALLEGATION NO. 3:**

Plaintiff, Cheryl Woods ("Plaintiff"), is an individual who was at all relevant times residing in the State of Massachusetts.

**ANSWER:**

Leading Edge is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

**ALLEGATION NO. 4:**

At all relevant times herein, Defendant, Leading Edge Recovery Solutions, LLC, ("Defendant") acted as a debt collector within the meaning of 15 U.S.C. § 1692a(6) in that it held itself out to be a company collecting a debt allegedly owed to Providian Bank.

**ANSWER:**

Leading Edge admits that it is a debt collector within the meaning of the FDCPA and that it held itself out to the Plaintiff to be collecting a debt owed to LVNV Funding LLC with the original creditor of the debt being Providian Financial Corp. Leading Edge denies the remaining allegations of this paragraph.

**ALLEGATION NO. 5:**

Defendant is a corporation that has its principal place of business and its offices located in the State of Illinois.

**ANSWER:**

Leading Edge admits that it is a limited liability company with its principal place of business located in the State of Illinois. Leading Edge denies the remaining allegations of this paragraph.

## ALLEGATIONS

## COUNT I

## VIOLATIONS OF THE FDCPA v. LEADING EDGE RECOVERY SOLUTIONS, LLC

**ALLEGATION NO. 6:**

In December of 2007, Plaintiff began receiving telephone calls from a representative of Defendant attempting to collect a debt allegedly owed to Providian Bank in the amount of approximately $10,000.00.

**ANSWER:**

Leading Edge admits that it contacted Plaintiff by telephone in December 2007 to attempt to collect a debt in the approximate amount of $10,000 owed to LVNV Funding LLC with the original creditor of the debt being Providian Financial Corp. Leading Edge denies the remaining allegations of this paragraph.

**ALLEGATION NO. 7:**

After first being contacted at her place of employment, Plaintiff advised defendant and gave notice that calls from Defendant could not be received at that number. Defendant nonetheless continued to contact Plaintiff at her place of employment.

**ANSWER:**

Leading Edge denies.

**ALLEGATION NO. 8:**

In ensuing conversations, Defendant demanded Plaintiff pay a minimum of $100.00 per month because Defendant threatened to begin the process of having the Plaintiff's wages garnished.

**ANSWER:**

Leading Edge denies.

**ALLEGATION NO. 9:**

Plaintiff provided Defendant with her checking account number for Defendant to deduct $100.00 per month in January of 2008, and as of June of 2008, Defendant continued to deduct the $100.00 per month.

**ANSWER:**

Leading Edge admits that Plaintiff provided Leading Edge her checking account number so that Plaintiff could pay $100 per month beginning on or about January 31, 2008, and further admits that Leading Edge caused an authorized deduction to be made from such account on or about May 31, 2008. Leading Edge denies the remaining allegations of this paragraph.

**ALLEGATION NO. 10:**

On a monthly basis Plaintiff received correspondence from Defendant notifying her of the deduction, however Defendant failed to reduce the balance of the debt owed to reflect the payments made.

**ANSWER:**

Leading Edge denies that it failed to reduce the balance of the debt owed to reflect payments made by Plaintiff. Leading Edge admits it sent Plaintiff correspondence notifying her of deductions but Leading Edge is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

**ALLEGATION NO. 11:**

In its attempts to collect the aforementioned debt, the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 in one or more of the following ways:

   a. Communicated with the consumer's place of employment after the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. § 1692c(a)(3); and

   b. Used misleading, unfair or unconscionable means to collect or attempt to collect any debt when it agreed to set up three post dated check and the debt collector continued to withdraw funds for a total of six months in violation of 15 U.S.C. § 1692f and 15 U.S.C. § 1692e(10).

**ANSWER:**

Leading Edge denies.

**ALLEGATION NO. 12:**

As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

**ANSWER:**

Leading Edge denies.

Dated: July 21, 2008                            Respectfully submitted,

                                                LEADING EDGE RECOVERY
                                                SOLUTIONS, LLC


                                                By: s/James V. Garvey
                                                        Its Attorney

James V. Garvey, Bar No. 06224992
Vedder Price, P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL 60601-1003
(312) 609-7500
(312) 609-5005
e-mail: jgarvey@vedderprice.com